Good morning everyone. The panel has before it a total of six cases but before dealing with them there is a motion for admission to be presented by Judge Dyke. So that's our first order of business. Judge Dyke. Thank you Chief Judge Michel. I have the pleasure this morning of moving the admission to the First I move the admission of Joel Frank Dillard who is a member of the Bar in Good Standing of the Highest Court of Maryland. Next Jennifer Librock Nall who is a member of the Bar of Good Standing of the Highest Court of the State of Texas. And then Ajit Pai who is a member of the Bar in Good Standing of the Highest Court of Texas again. And then finally Heather Dawn Shafroth who is a member of the Bar in Good Standing of the Highest Courts of both Massachusetts and New York. I have knowledge of their credentials which in all cases are excellent and I'm satisfied that they possess the necessary qualifications. Thank you Judge Dyke. We're accepting the motion? I'm willing to grant the motion. A two-judge panel has determined to accept the application of Judge Dyke and the four aforementioned clerks shall become members of the court and shall now turn to face the clerk to receive the administration of the oath of office. Please raise your right hand. Do you swear or affirm that you will report yourselves as attorneys and counsels of this court, uprightly and according to law, and that you will support the Constitution of the United States of America? Congratulations and welcome to the Bar of the United States Court of Appeals. I would also like to thank you for your service to our court as well as congratulate you on formal admission to our Bar and express the hope on behalf of myself and I'm sure the rest of the court that we may see you again in this courtroom where you'll be at the bench simply being sworn. So congratulations and we look for your return in the future. I'd just like to add my thanks for your service also which has been exceptional and to echo the Chief Judge's hope that we'll see you arguing and sitting at counsel table. Thank you very much. There are four cases being submitted today without oral argument on the briefs. Those are Appeal 3234 from 2007, Graham v. Commodity Futures Trading. Appeal 1450 from 2008, Total Procurement v. Department of Defense. Appeal 3014 from 2009, Garcia Rivera v. Merit System Protection Board. And Appeal 3130 from 2009, Green v. Office of Personnel Management. On the two-case argument list, we'll hear argument first in Highmark v. All Care Health, Appeal 1065 from the present year. Mr. Hill, good morning to you. Welcome to the court. Please proceed. Thank you, Your Honor. Members of the court, good morning. My name is Steve Hill and I represent All Care, the appellant in this action. I've reserved four minutes for what I'll get straight to the issues this morning. As our brief lays out, summary judgment of non-infringement was granted at the district court level in this case for two reasons. First of all, it was held at the lower court that there was a lack of evidence from which a reasonable finder of fact could determine the practice of Step 52C of Claim 52, which was the claim, the central independent claim as to which infringement was alleged below. And secondly, the district court held that even if there was evidence, that Step 52C was performed. The step of entering data symbolic of patient symptoms was performed by Highmark's network providers rather than Highmark itself, which is a health care insurance company. And as a result, it found that there was insufficient evidence of direction or control to satisfy the holding of this court in BMC versus payment tech for threshold showing of joint infringement. In the claimed system, does the system propose a treatment? Are you referring to the claimed system in terms of the preferred embodiment of the 105 patent? No, the system as claim. I'm not talking about the accused product. I'm talking about the system as claim. Does the system propose a treatment? Your Honor, in terms of the district court's finding, the system claim was Claim 1. And as to the system claim, the district court did hold. No, Claim 52. In Claim 52, that is a method claim. Right, but does the method include the computer proposing a treatment? No, Your Honor, not in terms of the computer reaching the first identification of the proposed mode of treatment. It merely states that the entry of data symbolic of patient symptoms is for tentatively identifying the proposed mode of treatment. At the lower court level during the claim construction hearing, it was argued by Highmark that the word Claim 4 ought to have a limited construction to a cause-effect relationship, whereby you enter data symbolic of patient symptoms into the system, and the system, in response, effects a proposed mode of treatment. That was expressly rejected by the district court. I'm not sure about that at all, and I'm not sure it makes any difference anyway, because this really seems as though it's a claim construction issue for us as to what the meaning of this claim is. And if the idea is that you have to enter the symptoms in order to get a proposed method of treatment, the evidence doesn't support an infringement under that claim construction, right? I would agree with the last part of Your Honor's statement. However, as to the predicate of Your Honor's statement, I would disagree that infringement or that the claim construction ought to be revisited at this level. Citing this Court's opinion in the WMS Gaming v. IGT decision in 1999, this Court expressly stated that it was inappropriate to sua sponte revisit an agreed-upon claim construction or a district court claim construction that was not properly preserved for appeal by the court. That was a result case also in which that was done. And in any event, I don't think it's a question of revisiting the claim construction. I think that what happened here was that you had an initial claim construction from the special master, which was then elaborated, if you will, in connection with the summary judgment decision. Well, Your Honor, if I might address that point, the claim construction never changed between the two points in time that Your Honor is referring to. It was always construed as for the purpose of or with an aim to. And the question then becomes when the step of entering the ICD-9 codes, as it were in this case, what is the purpose of that? And in that context, we looked at what is the proposed mode of treatment in the accused system. And Dr. Holland, All Cares infringement expert, But you don't enter the symptoms to get a proposed treatment. The proposed treatment in the accused system is entered separately. That's correct, isn't it? At a narrow level, Your Honor, that is correct. If you equate procedure and treatment to be the same thing as proposed mode of treatment, but what we pointed out at the district court level and what the lower court disagreed with Dr. Holland on, which we contend was an inappropriate weighing of his expert testimony, is that here the proposed mode of treatment was construed and agreed upon by the parties as being a tripartite plan, if you will. It has to not merely be the identification of some procedure code in the abstract, but it has to be tied to a specific patient and it has to be tied to the combating of a disease or illness. I can't understand what you're talking about. I'm sorry. It seems to me you've got here in the specification descriptions of different systems where, one, you can enter the symptoms and get a proposed mode of treatment and get that approved. Alternatively, you can have the physician enter the proposed mode of treatment and get that approved, and that's reflected, for example, in Claim 102, where that describes a system which might be similar to the Highmark system where the physician enters the proposed mode of treatment and gets that approved. But for whatever reason, you haven't sued for infringement of Claim 102. But I'm having difficulty understanding what your argument is as to how this accused system involves the entry of symptoms to get a proposed mode of treatment. Without the entry of symptoms into the authorization plan request form that Highmark utilized online in the accused system, you could not identify a proposed mode of treatment within the meaning of Claim 52. Why not? I can't follow. This is sort of a secular wiggle here. Well, it's certainly not intentional, Your Honor. The reason is that a CPT code on a piece of paper or on an online form by itself and with no other data would be insufficient to identify a proposed mode of treatment within the claim. What? Exactly what? Because it would not identify that there was a patient in need of care. Well, that's another box on the form. It's still on the form who the patient is. It's on the form who the physician is. And the physician types in the treatment by a numerical code number. Your Honor, our argument in the brief is that that is one plausible way of looking at it. However, our expert had an equally plausible way of looking at it, which was that even if what Your Honor just said is true, the authorization plan in its entirety also satisfies the definition of a proposed mode of treatment that was adopted at the district court level because it satisfies the tripartite requirements of that claim. It identifies a specific procedure. It identifies a specific patient. And it identifies a reason, i.e., a disease or injury in need of being combated. I thought the issue here was who selects the treatment, the physician or the computer. Is that not right? Have I got that all totally mixed up? Your Honor, the issue at the district court was the question of whether or not the entry of data symbolic of patient symptoms was for the purpose of identifying. That's why we're trying to identify what for really means in the context of this claim limitation. And I'm suggesting that what it does is to discriminate between where the computer with its memory and analytic capability picks the treatment versus the situation where the physician picks the treatment before the physician even begins to type anything onto the form. Yes, Your Honor, but of course there's a wide body of case law that suggests that it's inappropriate even at claim construction to limit broader claim language to the specifics of any individual preferred embodiment. I don't see this as an issue of limiting broad claim language or expanding narrow claim language. What we're trying to figure out is in this context, what does for mean? We have to do that. There's no way we can decide this case without getting a sense of in this context, what does the word for mean? And you're saying we're not allowed to do that because some case law says we can't do that. That makes no sense to me at all. We can't avoid doing it. You're telling us we're not allowed to do it. I'm telling you we can't avoid doing it. Your Honor, I agree with that, and that work has already been done because the definition of for was expressly construed at the lower court. Yeah, but it doesn't help me. It doesn't do any more than the naked word for to say it's the purpose of or whatever the other words were in the definition. It doesn't tell me in the context of this limitation, what significance does it have? Respectfully, Your Honor, I would disagree and would point to the fact that the purposeful requirement of for was sufficient to permit both experts to explain what the reasons were for entering data symbolic of patient symptoms. I see my time has expired, Your Honor. Let me finish my response. Yes, indeed. It was sufficient to permit both sides' experts to opine on what the purpose of entering the data symbolic of patient symptoms was for, and in that context, you had two competing views of what a proposed mode of treatment should be. But the problem is it's not for identifying a proposed mode of treatment, the entry of the symptoms. It doesn't do that, right, in the system? It doesn't in the cause and effect sense. Well, what other kind of meaning of the word for are you proposing if it's not to be cause and effect? We're proposing that it be purposeful in the sense of a necessary requirement to completing that identification. In other words... You better put it in other words because I don't understand what you're saying.  That's a necessary prerequisite to being able to do it, but the fact that I fuel my car has not caused the effect of the car driving around the street necessarily. Well, certainly in some uses of the word for that might be correct. The issue in this case is in this context of this claim limitation, does for imply cause and effect or does it exclude cause and effect? You're saying it excludes cause and effect. I don't see where you get that. What's your basis of saying it excludes a cause and effect construction? Your Honor, respectfully, our position is not that it excludes cause and effect. It's simply that it's broader and can include more than merely cause and effect. All right, we'll restore your reserve of bottle time and hear from Ms. Koerner. Thank you, Your Honor. Thank you, Mr. Hill. Good morning, Your Honors. I'm Cynthia Koerner. I'm here on behalf of Highmark, and the answer to your question is that, yes, it does require a cause and effect. The problem with all cares analysis of infringement is it reads out the word for, it reads out the word identifying, and it substitutes the word completing. And there is nothing in the patent that suggests that this claim element can be satisfied merely by including data symbolic of symptoms with a proposed mode of treatment in the same form and somehow fulfill the limitations of this claim. Why are we addressing infringement? Isn't there a substantial question as to whether this patent is valid under 101? There is a very substantial question as to whether this patent is invalid under 101, Your Honor. But as a strategic position, we believed that because claim element 52C was so easily understood and so clearly absent from Highmark's system that when we moved for summary judgment, we had a very discreet issue we wanted to focus on for infringement that we thought would win the day. And leave the validity of the patent for somebody else to argue. So we believe that all care has fundamentally failed to demonstrate any evidence, and the special master was correct. You cannot equate completing or the word and with for identifying. And if the court has any further questions on that, but I would like to address the BMC issue, the direct infringement issue if the court... Well, would we need to reach the issue of control if we found that the requirement keyed to the word for is not found in the accused method? You do not. And so I would proceed then on the word for, and I also want to address the word treatment. All care's argument is that the court has come up with a tripartite, a three-part construction of the word treatment. If you go back to the report and recommended decision on claim construction that was adopted in whole by the district court, it's in the appendix at page 1,000 and 1,001. And that's where the district court or where the special master and the district court say that proposed mode is interpreted and construed differently, separately from the word treatment. Treatment, it acknowledged, whether you're looking at an ordinary English dictionary, like the American Heritage Dictionary proposed during claim construction by All Care, or if you're looking at a technical dictionary like that proposed by Highmark, the Dorland Medical Guide, it doesn't matter. It means the same. Everybody understands it. Further, in the court below, they cautioned about misreading simple terms. They pointed out that this patent is a compilation of ordinary English terms, none of which are given sophisticated or technical or idiosyncratic meanings within the terms of this patent. To say that you need to have treatment include the identification of the patient does a couple of things. First of all, it reads out the fact that the patient is identified within the claim itself prior to the introduction of treatment because you have to enter data symbolic of patient treatment for tentatively identifying a proposed mode of treatment. So surely it would be inappropriate to then also include the identification of patient within the concept of the term treatment. If you also looked to various other claims of the patent, you will find, for example... It sounds to me as though you're doing the same thing that the appellant is doing. You're making this thing very complicated, whereas it seems to be very simple. It is very simple, Your Honor, yes. Well, then you don't want to make it more complicated, do you? I don't. It does mean... I'm simply saying that you cannot construe it the way they're construing it. It has to be given its ordinary meaning. Everybody knows what treatment means. It doesn't have a tripartite meaning. And therefore, to say somehow that this authorization form and the completing of the authorization form, because it has multiple elements, satisfies the identification element, is simply wrong. In Highmark's system, even if you were to assume that ICD codes, which are entered in Highmark's system as diagnosis, were in fact symptoms, they are not entered as the district court found for the purpose of identifying a proposed mode of treatment. They are singularly identified solely to identify the diagnosis. And the diagnosis, as found by the district court, merely supports or justifies the treatment so that Highmark is in a position to determine whether or not the treatment that is being recommended by the provider is in fact medically necessary and therefore covered under the member's insurance policy. Let me try this out on you. Maybe I've oversimplified this case and got it all scrambled up. It seems to me that if the question is, is the symptom data put in there in order to get help from the computer on identifying a treatment, the answer has to be no, because the physician has already selected the treatment. And therefore, it can't be the purpose of entering that data to select the treatment. He already did that. He did that yesterday. Yes. That's right. That's the whole case, isn't it? That is the whole case. Anything further? Nothing further. Any other questions? Thank you. Mr. Hill, four minutes. Ms. Koenig just said, and I'll paraphrase here, that the word for, as all words in Step 52C, have to be given their plain and ordinary meaning. All Care's position distilled to its essence on the word for is that its plain and ordinary meaning is not limited to cause and effect. What does it mean, then? What's the meaning that you're attributing to the word for that helps you here? What does it mean? Aiming to, in the sense that when you enter the ICD-9 code in the accused system, you're aiming to identify two high mark, which is going to evaluate this authorization request at its preliminary stage, before the doctor has treated the patient at all, and give a thumbs up or a thumbs down that is in turn going to influence the doctor's ultimate decision whether to care for the patient in the manner in which he has proposed. So the aim in entering the ICD-9 code onto that authorization form is to justify the procedure code that is also entered on the same form with respect to the other particulars that are also on the form, such as who the patient is, any individual items of medical history, what facility, and the like. So as we alluded to in our brief, this is sort of like the situation where someone comes forward and gives the hair color an approximate height of the assailant. They certainly are aiming to identify the assailant in doing so. Is it, in and of itself, the complete identification? No. But your problem is that the entry of the symptoms doesn't play any part in identifying the proposed mode of treatment. That's entered separately, independently. Your Honor, respectfully, I would disagree. First of all, it is not entered separately and independently when the authorization form is looked at in its entirety because it is submitted as one complete, coherent proposal to Highmark. It is not submitted in individual pieces. And in that regard, this is a unified process. It is not a process where you send an ICD-9 code electronically to Highmark and then at some latter point in time you send a proposed treatment code or a proposed procedure code. It has to be looked at in its integral proposed manner because the ICD-9 code is what justifies whether or not that medical procedure that is also represented on the form is appropriate. And the whole point of the Highmark system is to allow these authorizations to be processed so that Highmark and the doctor can get on the same page, as it were, with respect to whether this proposal is really medically necessary. And so these are integral. One is with the aim of identifying the entire treatment proposal, which is not merely a procedure code in isolation, but a procedure code that, to quote the District Court's claim construction, is to combat disease or injury. You may be able to have a procedure in the abstract, and I would concede that you could theoretically submit a procedure code in the abstract or submit it divorced from any kind of symptom code. However... Not unless you want a malpractice suit. My point exactly. And in this case, because what you're doing is evaluating medical necessity, they have to go hand in hand, and the definition of proposed mode of treatment is... I don't follow you at all. If I'm the physician, I'm selecting the treatment according to my best medical judgment, and then I enter it in the form. Whether an insurance company is going to reimburse or not is a separate question. It's not a medical question. It's an insurance question. So when I'm the physician and I select the treatment, I select it based on my assessment of the patient's symptoms, as revealed to me or observed by me. I make the choice. I'm done. I've selected the treatment. The insurance clearance follow-up has nothing to do with my selection of the treatment. Your Honor, my time has expired, but may I respond to your question? What you say in the abstract may be true. However, as Dr. Holland noted in his expert report, in practice these utilization review processes, such as the preauthorization of care, are in fact designed to and do in fact influence a doctor's decision of whether or not a particular given mode of treatment for a patient is medically appropriate or necessary, and it's designed. No, it doesn't. It just tells them whether the patient will be reimbursed by the insurance company. It doesn't tell them whether it's a good treatment or not a good treatment. They're two different questions. One's a medical question and one's an insurance question. I don't follow you at all. Your Honor, may I continue to respond? In this case, the evidence establishes that the criteria for authorization as used by Highmark is whether the treatment is or is not medically necessary. So the payment decision is interwoven intimately with the merits of the medicine. All right. I thank both counsel. We'll take the appeal under submission.